JAMES McMANIS (40958)
MIRIAM PIETERS (357877)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
Email: mpieters@mcmanislaw.com

*Attorneys for Plaintiffs,*
JOSEPH BAIZA and
ROSE BAIZA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH BAIZA, an individual; and ROSE BAIZA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SANTA CLARA; SANTA CLARA COUNTY OFFICE OF THE SHERIFF; SANTA CLARA COUNTY DEPT. OF CORRECTIONS; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Joseph Baiza and Rose Baiza, by and through their attorneys of record, for all causes of action against all defendants, hereby allege as follows:

**THE PARTIES**

1. Plaintiffs Joseph Baiza ("Mr. Baiza") and Rose Baiza ("Mrs. Baiza")(collectively, "Plaintiffs") are upstanding individuals residing in San Jose, California, in the County of Santa Clara.

2. Defendant County of Santa Clara (the "County") is, and at all relevant times was, a chartered subdivision of the State of California, a public entity, with the capacity to sue and be sued. The County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Santa Clara County Office of the Sheriff and its employees and agents.

3. Defendant Santa Clara County Office of the Sheriff ("Sheriff's Office") is and at all times herein-mentioned was, a department of County duly organized and existing under the laws of the State of California.

4. Defendant Santa Clara County Department of Corrections ("Corrections") is and at all times herein-mentioned was, a department of County duly organized and existing under the laws of the State of California. The Custody Bureau is responsible for managing Elmwood Correctional Men's and Women's Facilities and the Main Jail Facility.

5. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants is liable for the occurrences herein alleged, and that plaintiffs' damages as herein alleged were proximately caused by their conduct.

6. At all times herein mentioned, defendants, including those sued herein as DOES 1 through 50, were the agents, servants, and employees of their co-defendants and in doing the things herein alleged were acting in their scope as such agents, servants, and employees, under the direction and supervision and with the permission and consent of their co-defendants. At all

times herein mentioned, defendants, including those sued herein as DOES 1 through 50, aided and abetted, and conspired in the denial of plaintiffs' constitutional rights, and plaintiffs' rights under California Civil Code section 52.1.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action under 28 U.S.C § 1331 as the matter in controversy exceeds $75,000, exclusive of interest and costs, and arises under federal law.

8. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

**GENERAL ALLEGATIONS**

9. Mr. Baiza was an Adult Education teacher with the Milpitas Unified School District. He devoted over a decade of his life teaching inmates inside both the Santa Clara County Main Jail Complex ("Main Jail") and Elmwood Correctional Complex ("Elmwood"). Mr. Baiza has helped over sixty individuals earn their GEDs and high school diplomas.

10. On July 22, 2025, at approximately 1:00 p.m., Mr. Baiza entered the Main Jail and proceeded to the Main Jail 6C classroom to teach a high school equivalency class to inmates. At approximately 1:20 p.m., an inmate asked Mr. Baiza for some erasers and Mr. Baiza provided them. Shortly thereafter, the inmate was handcuffed and the dorm was locked down. Officers told Mr. Baiza to wait in the classroom.

11. At or around 2:00 p.m., the officers escorted Mr. Baiza out of the classroom without explanation. They took Mr. Baiza to the elevators where he was handcuffed and taken downstairs. He was then transported to the Sheriff's Office on Younger Avenue.

12. Upon arrival, Mr. Baiza's cell phone, security badge, and other personal belongings were confiscated. Mr. Baiza was subject to a recorded interrogation by the officers.

13. The officers told Mr. Baiza that they allegedly found narcotics residue on the erasers and in his box of supplies. The officers showed Mr. Baiza video footage of himself inside of the classroom handing out pencils and erasers. At no point before Mr. Baiza's arrest did the officers obtain consent to search his person or personal effects.

14. Mr. Baiza routinely receives his teaching supplies and erasers from Elmwood. He had previously given erasers to this class and other classes at both jail facilities. Mr. Baiza even provided the officers with a map to show them the exact location of where he picks up these supplies.

15. During the interrogation, the officers pried into Mr. Baiza's personal life, asked him baseless questions, and accused him of highly inappropriate conduct irrelevant to the alleged reason for interrogation. The officers asked Mr. Baiza if they would find a "side chick" on his phone, whether he was struggling financially, what his salary was, and how much debt he had accumulated.

16. The officers also asked to search Mr. Baiza's car, to which he agreed. The officers did not find anything after conducting the search.

17. At various times throughout the interrogation, officers made statements including: "Why did you do it?" "We got you on camera," and "We have enough already, tell us why you did it."

18. At approximately 4:00 p.m., Mr. Baiza was allowed to call his wife, Mrs. Baiza. The officers told Mr. Baiza to unlock his cell phone through his Face ID so that they could access it.

19. Mr. Baiza and Mrs. Baiza have been married for eight years and have two young daughters.

20. After receiving the telephone call from her husband, Mrs. Baiza drove to the Sheriff's Office on Younger Avenue in tears. The officers at the service window told Mrs. Baiza that her husband was not inside. Mrs. Baiza responded that she knew her husband was there and that they were interrogating him. The officers, again, denied that he was at the Sheriff's Office and sent her to the Main Jail.

21. At the Main Jail, the officers notified Mrs. Baiza that her husband was not there and sent her back to Younger Avenue.

22. Upon returning, Mrs. Baiza told the officers that she knew her husband was held there. One of the officers stepped out from behind the service desk and spoke with her. She

asked the officers for answers to help her two daughters understand why their father had never picked them up from school.

23. At or around 6:30 p.m., Mr. Baiza was permitted to leave the Sheriff's Office. The officers retained his cell phone allegedly for the purpose of an ongoing investigation. The officers informed Mr. Baiza that the erasers would be sent to a lab for narcotics testing.

24. As a result of Mr. Baiza's illegal detention, he has experienced extreme mental and emotional distress including severe anxiety. Mr. Baiza has had ongoing medical treatment.

25. Mrs. Baiza also experienced extreme mental and emotional distress as a result of the harm to her husband and harm that she experienced when she was unable to locate or contact him. Mrs. Baiza constantly worries about whether her husband will be unlawfully detained again. Mrs. Baiza also incurred monetary damages. She took the rest of the week off from work after the traumatic event on July 22, 2025, to care for her husband.

26. Due to the seizure of his phone, Mr. Baiza had to purchase a new cell phone line and number. In addition, he had to continue making payments for his confiscated phone, which caused him additional financial stress.

27. Mr. Baiza's original cell phone remains in custody with the officers as of July 2026.

28. Mr. Baiza also temporarily lost access to his email address due to two-step security verification that he could not complete because he had lost access to his phone. It took Mr. Baiza five days to get access to his email. As a result, Mr. Baiza could not take an examination for a prospective, higher-paying job position as a Rehabilitation Officer with Santa Clara County.

29. Mr. Baiza is now employed as a Career Advisor and makes significantly less than he did with Milpitas Adult Education.

30. On January 21, 2026, Plaintiffs filed a government claim against defendants. The claim was rejected on February 27, 2026.

**<u>FIRST CAUSE OF ACTION</u>**

**(Violation of Civil Rights Under 42 U.S.C. § 1983–-Fourth Amendment–-Against All Defendants)**

31. Plaintiffs hereby incorporate by reference paragraphs 1 through 30, inclusive.

32. On July 22, 2025, defendants intentionally and illegally seized and arrested Mr. Baiza. The arrest was without a warrant and without probable cause that plaintiff had committed any unlawful act.

33. In doing the acts complained of herein, defendants were acting under color of state law.

34. Defendants' warrantless arrest of plaintiff deprived him of his right to be free from unreasonable seizure guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants, in doing the acts complained of herein, were acting in accordance with a custom, policy, or practice of the County.

36. Furthermore, plaintiffs are informed and believe and thereon allege that defendants' actions were the direct and proximate result of the County's failure to train its deputies, officers, and other staff adequately regarding probable cause and warrantless arrests. Such failure to train amounts to deliberate indifference to the rights of the persons with whom the Sheriff's Office comes into contact.

37. Plaintiffs are informed and believe and thereon allege that defendants' actions were the direct and proximate result of the negligence of the Sheriff's Office, and the Department of Corrections, in hiring, retaining, and supervising their deputies, officers, and staff. Such negligence in hiring, retaining, and supervising the deputies, officers, and staff, amounts to deliberate indifference to the rights of persons with whom the County agencies come into contact.

38. Further, plaintiffs are informed and believe and thereon allege that, by and through the conduct herein alleged, the County and its agencies ratified the improper and unlawful arrest of plaintiff and endorsed other abuses of their official positions.

39. In doing the acts complained of herein, defendants were acting under color of state law. Specifically, the officers involved were acting under the pretense of performing their official duties.

40. As a direct and proximate result of the wrongful acts alleged herein, plaintiffs have suffered loss of reputation, respect, shock, despair, humiliation, mental anguish, and emotional distress, and were deprived of their constitutional rights, as described above. Plaintiffs also suffered pecuniary and consequential damages in an amount to be proven at trial.

41. Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages against DOES 1-50.

42. Pursuant to 42 U.S.C. Section 1988, plaintiffs are entitled to recover reasonable attorney's fees. Plaintiffs have incurred and will continue to incur reasonable attorney's fees and costs in an amount to be proven as provided by law.

## SECOND CAUSE OF ACTION

**(Violation of Civil Rights Under California Civil Code § 52.1 – Against All Defendants)**

43. Plaintiffs hereby incorporate by reference paragraphs 1 through 42, inclusive.

44. Defendants' conduct interfered with the exercise and enjoyment of plaintiffs' rights under both the Constitution and statutes of the United States and California; both of which guaranteed their right to be free from unreasonable arrest and seizure.

45. Defendants interfered with plaintiffs' rights by arresting Mr. Baiza without probable cause that he had committed any illegal act.

46. As a direct and proximate result of the wrongful acts alleged herein, plaintiffs have suffered loss of reputation, respect, shock, despair, humiliation, mental anguish, and emotional distress, and were deprived of their constitutional rights, as described above. Plaintiffs suffered pecuniary and consequential damages in an amount to be proven at trial.

47. Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages against DOES 1-50.

48. Pursuant to California Civil Code Section 52.1(h), plaintiffs are entitled to recover their attorneys' fees and costs. Plaintiffs have incurred and will continue to incur reasonable

attorney's fees and costs in an amount to be proven as provided by law.

**THIRD CAUSE OF ACTION**

**(False Arrest and False Imprisonment – Against All Defendants)**

49. Plaintiff hereby incorporates by reference paragraphs 1 through 48, inclusive.

50. Defendants falsely arrested Mr. Baiza without a warrant, without probable cause, and without any reasonable belief that Mr. Baiza had committed any illegal act.

51. Defendants detained Mr. Baiza following the unlawful arrest.

52. As a direct result of and proximate result of the wrongful acts alleged herein, Mr. Baiza has suffered loss of reputation, respect, shock, despair, humiliation, mental anguish, and emotional distress, as well as pecuniary and consequential damages in an amount to be proven at trial.

53. Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages against the DOES 1-50.

**FOURTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress – Against All Defendants)**

54. Plaintiffs hereby incorporate by reference paragraphs 1 through 53, inclusive.

55. The conduct of defendants alleged herein was extreme and outrageous, and with the intention of causing emotional distress to plaintiffs, and with reckless disregard of the probability of emotional distress.

56. As a direct and proximate result of defendants' conduct, plaintiffs suffered severe and extreme emotional distress, including shock, despair, humiliation, mental anguish, and emotional distress, as well as pecuniary and consequential damages in an amount to be proven at trial.

57. Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and justify and award exemplary and punitive damages against DOES 1-50.

**FIFTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress – Against All Defendants)**

58. Plaintiffs hereby incorporate by reference paragraphs 1 through 57, inclusive.

59. Defendants owed a duty of care to plaintiffs, which was breached by the acts mentioned above. Because of the negligence and carelessness of DOES 1-50, and as a proximate result thereof, plaintiffs suffered severe and extreme emotional distress including shock, despair, humiliation, mental anguish, and emotional distress, as well as pecuniary and consequential damages in an amount to be proven at trial.

60. As a proximate result of the wrongful acts alleged herein, plaintiffs have been damaged in an amount not yet ascertained, according to proof at the time of trial.

61. The officers' acts alleged above were willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages against DOES 1-50.

**SIXTH CAUSE OF ACTION**

**(Negligence – Against All Defendants)**

62. Plaintiffs hereby incorporate by reference paragraphs 1 through 61, inclusive.

63. DOES 1-50 owed a duty of care to Mr. and Mrs. Baiza, which was breached by the acts mentioned above.

64. As a direct and proximate result of the negligence and carelessness of DOES 1-50, Mr. and Mrs. Baiza sustained and suffered damages in an amount according to proof at the time of trial.

65. The officers' acts alleged above were willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages against DOES 1-50.

**SEVENTH CAUSE OF ACTION**

**(Loss of Consortium – Against All Defendants)**

66. Plaintiffs hereby incorporate by reference paragraphs 1 through 65, inclusive.

67. Plaintiffs Mr. and Mrs. Baiza were lawfully married at all times relevant to this action.

68. Mr. and Mrs. Baiza sustained severe and permanent injuries and damages as a result of the conduct of the defendants.

69. Mr. and Mrs. Baiza have been harmed by those injuries. Each has been deprived, continues to be deprived, and expects to be deprived of in the future, of the other's love,

companionship, sexual relations, comfort and care, physical assistance in maintaining the family home, protection, affection, society, and moral support.

70. As a direct and proximate result of the conduct of the defendants, plaintiffs sustained a loss of consortium and suffered damages in an amount according to proof at the time of trial.

71. The officers' acts alleged above were willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages against DOES 1-50.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs Joseph Baiza and Rose Baiza pray for judgment against defendants as follows:

1. For general damages in an amount according to proof;
2. For compensatory damages in an amount according to proof;
3. For reasonable attorney's fees under 42 U.S.C. § 1988(b);
4. For reasonable attorney's fees under California Civil Code § 52.1(h);
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

DATED: August 21, 2026

McMANIS FAULKNER

***/s/ Miriam Pieters***

JAMES MCMANIS
MIRIAM PIETERS

*Attorneys for Plaintiffs,*
JOSEPH BAIZA and ROSE BAIZA